UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**08 - 2126**

---------------------------------------------------------x

ELIZABETH TARONJI

**GERSHON, J**

Plaintiff

v.

MEL S. HARRIS AND ASSOCIATES, L.L.C.

**LEVY, M.J.**

Defendant

---------------------------------------------------------x

| COMPLAINT |
| --- |
| CIVIL ACTION NO: |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 27 2008 ★

BROOKLYN OFFICE

## JURISDICTION & DEFINITIONS

1. Plaintiff, Elizabeth Taronji seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq.

2. The Court's jurisdiction is conferred by 15 U.S.C. § 1692k.

3. Plaintiff is a natural person who resides in New York.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a "Debt collection agency" as defined under New York City Administrative Code § 20-489.

## FACTS

7. In approximately October, 2007, Ms. Taronji's Washington Mutual bank account was restrained after Defendant, allegedly on behalf of LR Credit 10, LLC, served Washington Mutual with an Information Subpoena with Restraining Order in the amount of $3,209.50 and as a result, Mr. Taronji's bank placed a "legal hold" on her account in the amount of $6,419.00

8. Shortly thereafter, Defendant sent Ms. Taronji a letter, dated November 6, 2007, which referred in the heading to an alleged debt with "LR Credit 10, LLC" in the heading, and stated in the heading that "Your Account Representative is: Tanya Hernandez at ext 3225". See Exhibit A, attached hereto.

9. The letter referred to the restraining of Ms. Taronji's Washington Mutual account, and then stated:

> If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. Kindly contact this office immediately upon receipt hereof with regard to resolving this matter."

10. The letter further stated at the bottom of the page under the printed name of Defendant: "This is a debt collection firm. This is an attempt to collect a debt. . ."

11. The letter bore what appears to be a handwritten "M" on the signature line, below which was typed "Mel Harris and Associates, L.L.C."

12. Pursuant to the letter's instructions, Ms. Taronji contacted Defendant in mid-November and was directed to an employee or agent of Defendant who gave his name as "Glenn Miller".

13. Ms. Taronji discussed her alleged debt with Mr. Miller and, Mr. Miller negotiated with Ms. Taronji regarding a tentative proposed settlement of her alleged debts.

14. Upon information and belief, Mr. Miller is not an attorney, but rather is a debt collection agent of Defendant's whose duties include contacting and negotiating with debtors, as well as undertaking various other debt collection activity on behalf of Defendant.

15. Ms. Taronji terminated negotiations with Mr. Miller prior to the reaching of any agreement or settlement and initiated the instant action.

16. Defendant has offices in the New York City and conducts debt collection activities in New York City (including activities directed toward Plaintiff, who lives in the Bronx) and is required to be licensed by the New York City Department of Consumer Affairs pursuant to the New York City Administrative Code, e.g. NYCAC § 20-490.

17. Defendant was not licensed at the time that it undertook various debt collection activities against Plaintiff with regard to the debts allegedly owed to LR Credit 10, LLC. The above mentioned debt collection activities included, without limitation:

   a) Contacting Plaintiff by mail regarding her debt;
   b) Contacting Plaintiff by phone regarding her debt;
   c) Negotiating with Plaintiff and/or proposing settlement terms to Plaintiff regarding her debt.

18. Defendant's debt collection activities against Ms. Taronji violated the New York City Administrative Code, including, *inter alia*, NYCAC 20-490 and NYCAC 20-700.

19. The Summons and Complaint filed against Ms. Taronji in the lawsuit underlying the bank attachment referenced above ("Underlying Action") was served upon Ms. Taronji at an address that Defendant knew or had reason to know was incorrect.

20. Specifically, during the same time period that Defendant served the Summons and complaint in the Underlying Action upon Ms. Taronji at 217 Alexander Avenue, Bronx, New York, it was sending dunning letters to her at her correct address of 205 Alexander Ave.; was serving her at her correct address in a different case; and its attorneys had affirmed under penalty of perjury that service in that case had been made by sending a copy of the summons and complaint to 205 Alexander Ave.

21. On or about January 25, 2008, Ms. Taronji moved to vacate the default judgment in the Underlying Action upon which the bank attachment referenced above was based. The parties subsequently stipulated to vacating of the judgment and Ms. Taronji, represented by the undersigned, has answered LR Credit 10's claims and counterclaimed against LR Credit 10 in the Underlying Action.

22. Defendant in the instant federal litigation is not a party in the Underlying Action in State Court, which is ongoing.

23. At all times and with regard to each of the factual and legal allegations made in this Complaint, upon information and belief, Defendant acted willfully, knowingly and in bad faith.

24. As a result of Defendant's actions, Ms. Taronji has suffered pecuniary and non-pecuniary harm.

## FIRST CAUSE OF ACTION
## The Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA")

25. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

26. By undertaking the above referenced collection activities in violation of the New York City Administrative Code, defendant repeatedly violated the 15 U.S.C. 1692 et seq. FDCPA including, *inter alia*, §§ 1692e, 1692e(5); 1692(10), 1692f, 1692(f)(1).

27. Upon information and belief, Defendant has also violated the FDCPA by misstating the amount of the debt; collecting, threatening and/or attempting to collect on amounts that she does not owe, and collecting, threatening and/or attempting to collect on amounts not expressly authorized by the agreement creating the debt or permitted by law, all

in violation of 15 U.S.C. 1692 et seq, including but not limited to violation of 1692e, 1692e(2)(A), 1692e(5), 1692f, and 1692f(1).

28. Upon information and belief, Defendant has also violated the FDCPA by using false or deceptive means to collect financial information regarding Ms. Taronji including, *inter alia*, during Mr. Miller's "negotiations" with Ms. Taronji, in violation of 15 U.S.C. 1692 et seq, including but not limited to violation of 1692e, 1692e(10), and 1692f.

29. Defendant has also violated the FDCPA by serving Ms. Taronji at an address that it knew or should have known she did not live, in violation of 15 U.S.C. 1692 et seq, including but not limited to violation of §§ 1692e, 1692e(2), 1692d and 1692f.

30. As a result of these violations of the FDCPA, Ms. Taronji has suffered pecuniary and non-pecuniary harm.

## SECOND CAUSE OF ACTION
## NYGBL § 349 (Deceptive Acts and Practices Unlawful)

31. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

32. Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in the First Cause of Action was committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of §349 independent of whether it also constituted a violation of any other law.

33. As a result of these violations of NYGBL §349, Ms. Taronji has suffered pecuniary and non-pecuniary harm.

**WHEREFORE** plaintiff respectfully requests this Court to:

a. On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692 k;

b. On the SECOND CAUSE OF ACTION (NYGBL § 349), actual damages, three times the actual damages up to $1000, costs and reasonable attorneys fees pursuant to NYGBL § 349(h).

c. Award such other and further relief as law or equity may provide.

Respectfully Submitted,

*/s/ Daniel A. Schlanger*

Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Ph: 914-946-1981
Fix: 914-946-2930
email: daniel@schlangerlegal.com

EXHIBIT A

DAVID WALDMAN
KERRY H. LUTZ

SETH H. SCHLANGER
ROBERT WIDHAM
RICHARD ELLISON
AMANDA PEREZ
JOSH R. YOUNGMAN

Mel S. Harris and Associates, LLC
ATTORNEYS AT LAW
Tel (866)414-7444 (212)571-4900
Fax (212)571-0965

Address for Correspondence:
5 Hanover Square, 8th Floor
New York, NY 10004

Address for Payments:
LR CREDIT
PO BOX 30132 General Post Office
New York, NY 10087-0132

ELIZABETH TARONJI
205 ALEXANDER AVE APT 4G
BRONX, NY 10454

Dated: 11/6/2007          ID. 606924-1
Re: LR CREDIT 10, LLC
Original Acct No: 4791060013377022
Court: CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF BRONX
Index No: 0026899/06
Judgment Date: 8/25/2006
Total Due: $3657.73
Your Account Representative is: Tanya Hernandez at ext. 3225

Dear ELIZABETH TARONJI;

Your bank reports that they have restrained your account and is holding your bank account pursuant to the issuance of a restraining notice by this office in enforcement of the above stated judgment.

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Alimony or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers compensation benefits;
8. Public or private pensions; and
9. Veterans benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order.

Kindly contact this office immediately upon receipt hereof with regard to resolving this matter.

Very truly yours,

Mel Harris and Associates, L.L.C.

This is a debt collection firm. This is an attempt to collect a debt. Any information obtained will be used for that purpose. If you have a complaint about the treatment you received from a staff member, please call our hot line, 212-660-1097.

(Redaction at top of page deletes only information regarding transmission of this document from Plaintiff to her attorneys.)